NAME
Ismael Hernandez
PRISON NUMBER
CDC #V-92592

CURRENT ADDRESS OR PLACE OF CONFINEMENT

CITY, STATE, ZIP CODE







# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Ismael S. Hernandez ,
(FULL NAME OF PETITIONER)

PETITIONER

v.

,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent. ,

Civil No '08 CV 0010 WQH POR
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: San Diego Superior Court, San Diego County

2. Date of judgment of conviction: August 29, 2005

3. Trial court case number of the judgment of conviction being challenged: SCD186228

4. Length of sentence: 40 years to life in prison

5. Sentence start date and projected release date: 9·6·2005 — 10·26·2044

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
Murder

7. What was your plea? (CHECK ONE)
   - (a) Not guilty ☒
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   - (a) Jury ☒
   - (b) Judge only ☐

9. Did you testify at the trial?
☒ Yes ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
   - (a) Result: Affirmed
   - (b) Date of result (if known): November 14, 2006
   - (c) Case number and citation (if known): D047097
   - (d) Names of Judges participating in case (if known):
     Justices McDonald, Nares, and McIntyre
   - (e) Grounds raised on direct appeal:
     1) error to deny defense motion to discharge juror given inadequate inquiry; 2) failure to instruct with CALJIC No. 2.71 (cautionary instructions regarding reports of defendant's oral statements); 3) erroneous instruction with CALJIC No. 2.21.2 (witness willfully false) because it lowered the prosectuion's burden to prove guilt beyond a reasonable doubt

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
   - (a) Result: petition for review denied
   - (b) Date of result (if known): February 7, 2007
   - (c) Case number and citation (if known):
     S149091
   - (d) Grounds raised:
     1) Denial of motion to discharge juror violated state law and appellant's Sixth and Fourteenth Amendment rights; 2) failure to instruct with CALJIC No. 2.71 violated state law and appellant's Fourteenth Amendment right to due process; 3) erroneous instruction with CALJIC No. 2.21.2 violated appellant's Fourteenth Amendment right to due process.

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

(a) Result:

(b) Date of result (if known):

(c) Case number and citation (if known):

(d) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes ☑ No

**15.** If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number (if known):

(b) Nature of proceeding:

(c) Grounds raised:

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(e) Result:

(f) Date of result (if known):

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes ☑ No

**17.** If your answer to #16 was "Yes," give the following information:

(a) **<u>California Court of Appeal</u>** Case Number (if known):

(b) Nature of proceeding:

(c) Names of Judges participating in case (if known)

(d) Grounds raised:

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(f) Result:

(g) Date of result (if known):

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **<u>California Supreme Court</u>**?
☐ Yes ☑ No

**19.** If your answer to #18 was "Yes," give the following information:

(a) **<u>California Supreme Court</u>** Case Number (if known):

(b) Nature of proceeding:

(c) Grounds raised:

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(e) Result:

(f) Date of result (if known):

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not: [illegible]

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☑ Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed?

(i) What was the prior case number?

(ii) Was the prior action (CHECK ONE):

Denied on the merits? ☐

Dismissed for procedural reasons? ☐

(iii) Date of decision:

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

**(a) GROUND ONE:**
The court's denial of the defense motion to dismiss a juror violated appellant's Sixth and Fourteenth Amendment rights to a trial by impartial jury and appellant's Fourteenth Amendment due process right to application of favorable state law (see Hicks v. Oklahoma).

**Supporting FACTS:**
On Thursday, June 30, at the end of the first day in which evidence was presented, the court referred to "this issue of juror number 11." The court questioned the juror's credibility, noted that he had not taken one word down, that "[h]e put his book on the rail and kind of sat there. And I will note that my impression of him is a person who is going—is going to be a mountain, based on his attitude, especially if Tuesday rolls around and he's sitting here. For what that's worth, I'll throw that out." (II RT 173.) The court stated counsel could stipulate to his release and invited them to think about it. (Ibid.) Meanwhile, the court stated it was going to make him produce a phone number and verify his claims regarding the class. (Ibid.)

Evidence continued to be presented on July 1. At 10:30 a.m. on Tuesday, July 5, the trial court again mentioned the juror, noting he said he had a medical class and would not be back until later, which " will create an issue for tomorrow or Thursday because he is supposed to be on shift at the hospital at 4:30, so we may break a half hour early on Thursday." (IV RT 300.) Trial counsel responded by asking the court to remove the juror and substitute an alternate: "Your honor, I must express some concern, as I have informally earlier, that this particular juror has been sending out signals, to me anyway, that if he remains on the jury into deliberations, that he might not be willing to deliberate deliberately and rush consideration of the verdict. At this point I would ask that he be removed for cause and that an alternate be substituted for him." (Ibid.) The court denied the defense motion without inquiry. On Thursday, July 7, the case was submitted to the jury at 3:47 p.m. (CT 247.) The court told the jurors, "Ladies and gentlemen, you may deliberate at this time, and I am fully aware that juror no. 11 needs to get on his horse and ride out of town very quickly. You have the choice; you can reconvene at 9:00 a.m. . . ." (VI RT 696.) The jury was out until Tuesday morning, July 12, at which time it notified the court that it had reached a verdict. (CT 252.)

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): petition for review

(2) Case number or citation: S149091

(3) Result (attach a copy of the court's opinion or order if available):
Denied

**(b) GROUND TWO:**

The trial court prejudicially erred in failing to instruct the jury with cautionary instructions on reports of defendant's oral statements, and the error and the Court of Appeal's faiure to reverse violated state law and, thus, appellant's Fourteenth Amendment right to due process under Hicks v. Oklahoma.

**Supporting FACTS:**

During trial, several witnesses testified as to appellant's purported oral statements after the shooting occurred. Prosecution witness Christopher Wash testified as to several post-incident statements purportedly made by appellant. Wash testified he recalled appellant telling him, "Those fools is gangbanging. That's what happens when you gangbang. They shouldn't be gangbanging with real gangsters," and "Gangbanging is not a joke." (III RT 246, 247.) Wash's statements to police were also admitted and included appellant's purported statements that the shooting was "stupid shit" (CT 83). Saleena Sanchez testified that she heard statements by appellant as he ran by their car. She claimed he said twice, "Those fools came at me foul." (II RT 148-149.) Lugo, whom she claimed stayed in the car the whole time, said, "Why you got to bring a gun into it?" (II RT 149.) Appellant responded, "Those fools came at me foul. I handled them" or "I handled that fool." (II RT 149, 150.)

On the stand, appellant denied making these statements. (IV RT 419-420; V RT 522.)

The Court of Appeal agreed that the trial court erred in not giving cautionary instructions but found the error harmless, However, under California law, appellant was entitled to reversal.

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): petition for review

(2) Case number or citation: S149091

(3) Result (attach a copy of the court's opinion or order if available): denied

**(c) GROUND THREE:**

The court prejudicially erred in instructing with CALJIC No. 2.21.2 where appellant testified on his own behalf, lightening the burden of proof and thereby depriving appellant of his right to due process under the Fourteenth Amendment.

**Supporting FACTS:**

The trial court instructed the jury, based on CALJIC No. 2.21.2, as follows: "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars." (VI RT 612-613; CT 127.)

Appellant, who testified, was one of the targets of this instruction. It should not be given because by allowing the jury to reject defendant's entire testimony unless they believed from all the evidence that the rest of his testimony was supported by the "probability" of truth, the burden of proving the prosecution's evidence beyond a reasonable doubt was shifted to having to affirmatively prove his defenses. The due process clause of the Fourteenth Amendment requires that the prosecution bear the burden of proving beyond a reasonable doubt all elements, including lack of self-defense and lack of actual malice. (See, e.g., Patterson v. New York (1977) 432 U.S. 197.)

**Did you raise GROUND THREE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): petition for review

(2) Case number or citation: S149091

(3) Result (attach a copy of the court's opinion or order if available):
denied

**(d) GROUND FOUR:**

**Supporting FACTS:**

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition):

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court:

(b) Case Number:

(c) Date action filed:

(d) Nature of proceeding:

(e) Name(s) of judges (if known):

(f) Grounds raised:

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ........

(b) At arraignment and plea .......

(c) At trial ..................... David I. Berman, 110 West "C" St., #809, San Diego, CA 92101

(d) At sentencing ............... David Berman

(e) On appeal .................. Alisa Shorago, 2307 Fenton Parkway, Suite 107, PMB 14, San Diego, CA 92108

(f) In any post-conviction proceeding .

(g) On appeal from any adverse ruling in a post-conviction proceeding:

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☑ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court:

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

______________________________

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

11-30-07 ______________________________
(DATE)

[signature] ______________________________
SIGNATURE OF PETITIONER

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JAN 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ✓ 1983
FILING FEE PAID
Yes ✓ No
IFP MOTION FILED
Yes No ✓
COPIES SENT TO
Court ✓ Pro Se

I (a) PLAINTIFFS

**Ismael S. Hernandez**

DEFENDANTS

**Unknown**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Ismael S. Hernandez**
**PO Box 5104**
**Delano, CA 93216**
**V-92592**

ATTORNEYS (IF KNOWN)

**'08 CV 0010 WQH POR**

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

CONTRACT
☐ 110 Insurance
☐ Marine
☐ Miller Act
☐ Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ Other Contract
☐ 195 Contract Product Liability

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury- Medical Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☒ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710Fair Labor Standards Act
720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

OTHER STATUTES
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE 1/2/2008 SIGNATURE OF ATTORNEY OF RECORD

PAID $5 1/3/08 BH KNOT# 146097

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146097 - BH**
*** * C O P Y * ***
**January 03, 2008**
**14:39:34**

**Habeas Corpus**
USAO #.: 08CV0010 HABEAS FILING
Amount.: $5.00 MO
Check#.: 11979876003

**Total-> $5.00**

FROM: HABEAS CORPUS
HERNANDEZ V. UNKOWN